**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MICHAEL GAGE RUTTMAN,**<br><br>**Defendant.** | **Case No. 26-CR-00214-SEH** |

# OPINION AND ORDER

Before the Court is Defendant Michael Gage Ruttman's objection [ECF No. 30] to United States Magistrate Judge Mark T. Steele's order denying his motion to reopen a detention hearing [ECF No. 29]. For the reasons provided below, the objection is overruled.

## I. Background

A federal grand jury charged Ruttman with one count of possession of child pornography in Indian Country, in violation of 18 U.S.C. §§ 2252(a)(4)(A) and 2252(b)(2), and two counts of coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b). [ECF No. 2]. The government moved for detention, invoking the rebuttable presumption that there are no conditions that would reasonably assure Ruttman's appearance or reasonably assure the safety of others and the community. [ECF No. 5]. Ruttman's

detention hearing was set at his initial appearance. [ECF No. 7]. Two days later, Ruttman waived his detention hearing and consented to pretrial detention. [ECF Nos. 13, 14]. About a month later, he moved to reopen detention. [ECF No. 26].

Ruttman asserted that he "waived his right to a detention hearing because he lacked a stable residence for pretrial release." [ECF No. 26 at 1]. He explained that he had since been "assessed by Grand Mental Health and accepted into their inpatient treatment program[,]" and claimed this "structured, supervised placement directly addresse[d] the concerns raised in the Government's Motion for Detention and the Pretrial Services Report." *Id.* Ruttman argued that his acceptance into inpatient treatment warranted reconsideration of his detention under 18 U.S.C. § 3142(f). [*Id.* at 2]. This Court referred Ruttman's motion to Judge Steele. [ECF No. 27].

Judge Steele set a hearing on Ruttman's motion and a deadline for the government to file a response. [ECF No. 28]. The day before the hearing (and before the government's response deadline), Judge Steele denied Ruttman's motion. [ECF No. 29]. He found Ruttman's "contention unsupported by the record," based on the government's motion for detention and the pretrial services report. [*Id.* at 2–3]. Judge Steele concluded that Ruttman's acceptance into an inpatient drug treatment facility did not have "a material bearing on the issue of detention" when the government "moved for detention

on the basis of both risk of flight and danger to the community." [*Id.* at 3]. Specifically, Judge Steele found reopening the detention hearing unwarranted because Ruttman's acceptance into an inpatient drug program lacked "a material bearing on the issue of danger to others and the community." [*Id.*].

Ruttman timely objects to Judge Steele's order and asks that it be set aside and a detention hearing ordered. [ECF No. 30]. Bringing his objection under Fed. R. Crim. P. 59(a) and 18 U.S.C. § 3145, Ruttman contends that his waiver operated as "an indefinite continuance for good cause" and his acceptance into the Grand Mental Health inpatient program provides good cause to conclude the continuance of his detention hearing. [*Id.* at 4–5]. He further maintains that if 18 U.S.C. § 3142(f) governs, Judge Steele's materiality analysis fails for three reasons: (1) materiality as to appearance alone requires reopening; (2) the reopening threshold should not have been conflated with the merits of detention; and (3) Judge Steele's order rests on erroneous findings of fact because it only references the initial pretrial services report. [*Id.* at 6–8]. Ruttman further argues that his acceptance into inpatient treatment bears directly on the danger factors identified in the pretrial services report, because it provides "continuous staff supervision and removal from [his] prior residence, which he shared with two minor siblings." [*Id.* at 8–9].

The government responds that Judge Steele properly denied Ruttman's motion because his acceptance into an inpatient program does not show "a material change in circumstance as to a proposed permanent residence for Ruttman pending trial." [ECF No. 32 at 1, 4]. Therefore, the government argues, denying Ruttman's motion to reopen detention was appropriate under the "material bearing" standard of § 3142(f). [*Id*. at 5]. Alternatively, the government requests an opportunity to make a factual proffer and argument as to the factors under 18 U.S.C. § 3142(g), should the Court set aside Judge Steele's order denying Ruttman's motion. [*Id*. at 1].

**II. Analysis**

"If a person is ordered detained by a magistrate judge, ... the person may file, with the [district court], a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district judge then reviews the magistrate judge's decision de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). However, § 3145(b) does not apply here, because Ruttman is not asking the Court to review Judge Steele's detention order. Rather, he seeks to rescind Judge Steele's order that denied his motion to reopen detention under § 3142(f).

A party may object to a magistrate judge's order within 14 days of receiving notice of the order and the district court "must consider timely objections and modify or set aside any part of the order that is contrary to law

or clearly erroneous." Fed. R. Crim. P. 59(a). Here, the Court finds Ruttman's objection timely because it was filed 14 days after Judge Steele's order. [ECF Nos. 29, 32].

Ruttman primarily argues that Judge Steele's order should be set aside for two reasons: (1) because his waiver operated as an indefinite continuance of his detention hearing and good cause now exists to hold it; and (2) he has satisfied the standard for reopening his detention under § 3142(f). [ECF No. 30 at 4]. In support of his first reason, Ruttman relies on the Fourth Circuit's holding in *United States v. Clark* —that a defendant's waiver of "an immediate detention hearing can be viewed as a request for an indefinite continuance for good cause." 865 F.2d 1433, 1437 (4th Cir. 1989). But the Tenth Circuit has explicitly rejected this view. *See United States v. Montalvo-Murillo*, 876 F.2d 826, 832 (10th Cir. 1989) ("Nor do we agree with the premise that the waiver of an immediate hearing 'can be viewed as a request for an indefinite continuance for good cause.'" (quoting *Clark*, 865 F.2d at 1437)), *vacated on other grounds by* 906 F.2d 515 (Mem) (July 3, 1990).

Here, Ruttman explicitly waived his right to a detention hearing and consented to entry of a detention order, leaving no ambiguity from which the Court could draw the conclusion that he somehow implicitly requested a continuance under § 3142(f)(2). Even if the Court could find such an implicit request for a continuance, the permissible time period for setting a detention

hearing has since long expired. The Court finds Ruttman's waiver did not operate as a continuance of his detention hearing.

As to his second contention, it is not clear whether the Court has authority under § 3142(f) to review Judge Steele's order. Section § 3142(f) provides:

> [A detention] hearing may be reopened, before or after determination by *the judicial officer*, at any time before trial if *the judicial officer* finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

18 U.S.C. § 3142(f)(2)(B) (emphasis added). Therefore, § 3142(f) "applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order." *United States v. Parks*, 670 F.Supp.3d 1263, 1269 n. 3 (N.D. Okla. April 26, 2023).

In *Parks*, a defendant similarly appealed a magistrate judge's denial of his motion to reopen detention proceedings under § 3142(f). Judge Frizzell reasoned that he lacked statutory authority to conduct such review, upon review of Tenth Circuit caselaw:

> In *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003), the Tenth Circuit analyzed § 3142(f)'s text and held that review of a detention or release order is available only when the same judicial officer who entered the original order conducts such review and when new information arises. ("By its terms, this section applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order."). "Accordingly, a district judge may not review a Magistrate Judge's detention order or release order based on new

> information under § 3142(f)--only the judicial officer who holds a [detention] hearing may then reopen [the hearing], before or after a determination by the judicial officer, [or] at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing ...." *United States v. Alderete*, 336 F.R.D. 240, 265 (D.N.M. 2020) (quoting 18 U.S.C. § 3142(f)) (internal quotation marks omitted); *see also, United States v. Ontiveros*, 2012 WL 13063630, at *1 (D. Colo. Feb 21, 2012) ("The Tenth Circuit has interpreted § 3142(f) to require that the same judge who conducted the detention hearing determine whether re-opening the hearing is appropriate.").
>
> In *United States v. Anaya*, 376 F. Supp. 2d 1261 (D.N.M. 2005) the court explained that "[t]his straightforward reading of the statute serves the salutary purpose of preventing judge shopping by either party and prevents magistrate judges from being placed in the uncomfortable position of second-guessing their fellow magistrates, or district judges of second-guessing magistrates with information that the magistrates did not have." *Anaya*, 376 F. Supp. 2d at 1263 (internal quotations omitted). On the basis of the foregoing caselaw, this court concludes it does not have the statutory authority under 18 U.S.C. § 3142(f) to review the Magistrate Judge's detention order. The detention order may only be reviewed on appeal by the Tenth Circuit. *See Cisneros*, 328 F.3d at 614.

670 F.Supp.3d at 1269.

Nor is the Court convinced that it has the authority to review Judge Steele's order under Fed. R. Crim P. 59(a). *See United States v. Doby*, 928 F.3d 1199, 1204 (10th Cir. 2019) (explaining the "powers" and "duties" magistrate judges "shall have" to issue release or detention orders falls under 28 U.S.C. § 636(a) and "only those powers and duties eligible for referral under § 636(b) are subject to Rule 59(a).") However, to the extent this Court has the authority to review Judge Steele's order under Rule 59(a), it does not

find any part of the order contrary to law or clearly erroneous. Although Judge Steele relied on the first pretrial services report and not the second, the Court finds no information in the second report that undermines Judge Steele's legal conclusion.

Judge Steele laid out his reasoning plainly in his order. As justification for re-opening the detention hearing, Ruttman alleged that he had been accepted into an inpatient treatment program, "which directly addresses the concerns raised in the Government's Motion for Detention …." [ECF No. 26 at 1]. Judge Steele pointed out that the government had not raised any specific factual concerns but "moved for detention on the basis of both risk of flight and danger to the community." [ECF No. 29 at 3]. It was Ruttman who identified as a basis for detention that "he lacked a stable residence for pretrial release." [ECF No. 26 at 1; ECF No. 29 at 2].

Under the circumstances, Ruttman's acceptance into an inpatient treatment facility is not information "that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure ... the safety of any other person and the community." 18 U.S.C. § 3142(f). Judge Steele stated that reopening the detention hearing "would be warranted" had the government requested detention only because Ruttman posed a risk of flight. [ECF No. 29 at 3]. Clearly, the existence of a structured, supervised

placement for a defendant could materially affect the analysis as to risk of flight and may lead to release under those circumstances.

But the mere existence of an inpatient treatment facility that will accept placement of Ruttman does not shed light on whether conditions of release could reasonably assure the safety of any other person and the community. Because Ruttman's new information does not bear upon both risk of flight and danger to the community, it cannot provide a basis for his release on pretrial conditions.[1] The new information Ruttman identified as his reason for reopening the hearing therefore lacks a material bearing on the issue of detention.

**IT IS THEREFORE ORDERED** that Defendant's Objection to Order Denying Motion to Re-Open Detention Hearing [ECF No. 30] is OVERRULED.

DATED this 26th day of August, 2026.

Sara Hill

Sara E. Hill
UNITED STATES DISTRICT JUDGE

[1] A review of Ruttman's waiver also supports the conclusion that the materiality analysis applies to both risk of flight and danger to the community. Ruttman agreed, under the terms of his waiver, that a detention hearing pursuant to § 3142(f) would be available upon a judicial officer's finding "that information exists that has a material bearing on the *issues* of whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" [ECF No. 14] (emphasis added).